IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 07-0761-CV-W-ODS |
| AMANDA CARNNAHAN, DANNY KINNISON and COLT LACKEY, ) ) ) ) | |
| Defendants. ) | |

### ORDER AND OPINION (1) DENYING DEFENDANT COLT LACKEY'S MOTION TO DISMISS AND (2) STAYING ALL PROCEEDINGS OTHER THAN SERVICE OF DEFENDANTS AND THE FILING OF ANSWERS

This declaratory judgment action arises from an automobile accident. Danny Kinnison was driving an automobile owned by Amanda Carnnahan with her permission. While driving the car, Kinnison was involved in an accident with Colt Lackey. Plaintiff had provided Carnnahan with insurance, but alleged the policy was canceled prior to the accident for non-payment of premiums. Plaintiff declined to pay the policy limits and (apparently) declined to defend Carnnahan in the suit Lackey later filed against Kinnison and Carnnahan. On November 19, 2007, after obtaining a judgment for over $8 million, Lackey instituted a garnishment proceeding against Plaintiff, Kinnison, and Carnnahan.

Meanwhile, on October 10, 2007, Plaintiff filed this suit, seeking a declaration that the policy it had issued to Carnnahan had been canceled prior to the accident, so it owed no duty to indemnify or defend the state suit. Pending is Lackey's motion to dismiss, which contends (1) the jurisdictional amount is not in controversy, (2) diversity of citizenship is lacking, and (3) this suit should be dismissed in favor of the parallel state action.

### I. AMOUNT IN CONTROVERSY

Lackey contends the jurisdictional amount is not satisfied because the policy limits do not exceed $75,000.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977).  The question "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).  In August 2007, Lackey's attorney contacted Plaintiff seeking payment of the policy limits and contending its failure to do so might expose Plaintiff to liability for the full amount of any judgment against its insured.  Whether this eventuality would come to pass will depend in part on whether the policy was canceled – the precise issue to be adjudicated by this suit (and the garnishment action pending in state court, as will be discussed shortly).  Moreover, Plaintiff seeks a declaration that it was not obligated to defend Carnnahan, and this relief also depends on whether the policy was validly canceled.  The Court concludes the "value" of the declaration sought exceeds $75,000.

## II.  DIVERSITY OF CITIZENSHIP

Lackey contends State Farm is deemed a citizen of Missouri pursuant to 28 U.S.C. § 1332(c)(1) because this is a direct action against State Farm.  Carnnahan and Kinnison are citizens of Missouri, so Lackey contends diversity of citizenship is lacking.  The Court disagrees.

The relevant portion of section 1332(c)(1) provides that

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

"Direct action" is a term of art, and an understanding of that term demonstrates that this is not a direct action within the meaning of the statute.  Courts have uniformly

recognized that section 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." Home Indemnity Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974); see also Hernandez v. Travelers Ins. Co., 480 F.2d 721, 723 (5th Cir. 1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979) (quotation omitted). This is not a suit by a tort victim against tortfeasor's insurer directly for the tortfeasor's negligence. Consequently, this is not a "direct action" and State Farm is not deemed to be a citizen of Missouri.

### III.  ABSTENTION

A federal court has broad discretion to decide whether to entertain a declaratory judgment suit when parallel proceedings are pending in state court. Royal Indemnity Co. v. Apex Oil Co., No. 06-3454, slip op. at 7-8 (8th Cir. Jan. 2, 2008). This discretion may be exercised so long as the two suits involve substantially the same issues of state law and the same parties, there are no federal issues, and the state court can adjudicate all the issues." Id. at 8; see also Scottsdale Ins. Co. v. Detco Indus., 426 F.3d 994, 997 (8th Cir. 2005) (describing parallel actions). Plaintiff does not dispute that the two cases are parallel; its primary focus is on the fact that the state court action was not pending at the time it filed this declaratory judgment action. While true, the observation is not relevant. "'Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where'" a parallel state court proceeding is pending." Royal Indemnity, slip op. at 8 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)). Interestingly, in Brillhart, the state court suit was filed *after* the declaratory judgment action was filed in federal court, 316 U.S. at

3

492-94, yet the Supreme Court held the district court had the discretion to abstain. The Supreme Court reiterated this implication when it held

> [c]onsistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). In this area of abstention, the relevant inquiry is which case has had the most progress, not which one was filed first. E.g., BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995); United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994).

It being conceded the two cases are parallel, the relevant inquiry requires comparing the relative progress of the two cases. No information has been provided about the garnishment action, but this is not fatal because the Court is aware hardly any progress has occurred in the federal case. Discovery could not commence until January 16, 2008 – the date the parties report they conducted their Rule 26 conference.[1] The Court has not issued a Scheduling and Trial Order or issued any rulings regarding the merits. Progress in this case could not be much more than the progress that has occurred in the state suit. The same issues and parties are involved, and the legal matters involve only state law.

Abstention is appropriate, but rather than dismissing the suit, the Court deems it prudent to simply stay proceedings. Royal Indemnity, slip op. at 15. While the case is stayed, Plaintiff may continue its efforts to serve Kinnison, and once he is served Kinnison may file his Answer. In addition, on or before July 18, 2008, and every sixty

---

[1] Kinnison has not been served, but as the Court intimated in its December 18, 2007, Order – and as it will likely suggest when it rules on Plaintiff's Motion for Service by Publication – Kinnison is aware of this suit and his failure to minimize Plaintiff's costs of effecting service will not inure to his benefit.

days thereafter, the parties shall file a Joint Status Report detailing the progress in the state proceedings.

IT IS SO ORDERED.

                                                       /s/ Ortrie D. Smith
                                                       ORTRIE D. SMITH, JUDGE
DATE: January 22, 2008                     UNITED STATES DISTRICT COURT

5

Case 4:07-cv-00761-ODS   Document 27   Filed 01/23/08   Page 5 of 5